08-4235-ag
Lin v. Holder

BIA
Harbeck, IJ
A200-126-076

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of February, two thousand ten.

PRESENT:
>        ROSEMARY S. POOLER,
>        ROBERT D. SACK,
>        DEBRA ANN LIVINGSTON,
>                 <u>Circuit Judges</u>.

_____

NENG YING LIN,
>        <u>Petitioner</u>,

>        v.                                    08-4235-ag
>                                              NAC
ERIC H. HOLDER, JR., ATTORNEY GENERAL,*
and BOARD OF IMMIGRATION APPEALS
>        <u>Respondents</u>.

_____

---

    * Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**          John Z. Zhang, New York, New York.

**FOR RESPONDENTS:**          Gregory G. Katsas, Assistant
                              Attorney General, Civil Division,
                              Mary Jane Candaux, Assistant
                              Director, Office of Immigration
                              Litigation, Michael C. Heyse, Trial
                              Attorney, Office of Immigration
                              Litigation, Civil Division, United
                              States Department of Justice,
                              Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Neng Ying Lin, a native and citizen of the People's Republic of China, seeks review of a July 31, 2008 order of the BIA affirming the May 10, 2007 decision of Immigration Judge ("IJ") Dorothy Harbeck denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Neng Ying Lin, No. A200 126 076 (B.I.A. July 31, 2008), aff'g No. A200 126 076 (Immig. Ct. N.Y. City May 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of

2

that decision, this Court reviews both the BIA's and IJ's opinions — or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir. 2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir. 2008). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination.  See Corovic, 519 F.3d at 95.  Lin did not challenge before the BIA or this Court the IJ's reliance on Lin's demeanor and responsiveness and the IJ's finding that Lin's testimony concerning his wife's inability to obtain an x-ray showing that she was sterilized was inconsistent.  Accordingly, any challenge to these findings is both unexhausted and waived, and these findings stand as valid bases for the IJ's adverse credibility determination.  See Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir. 2008).

With respect to the findings Lin does challenge, they are supported by substantial evidence.  In addition to finding that Lin's testimony was inconsistent concerning his wife's inability to obtain an x-ray, the IJ also found implausible Lin's testimony that his wife could not obtain an x-ray at private hospitals in the city because private hospitals do not have x-ray machines.  Although Lin summarily asserts that his explanation was reasonable, such an assertion does not suffice to demonstrate error in the IJ's decision.  See Ying Li v. BCIS, 529 F.3d 79, 82-83 (2d Cir. 2008).  Therefore, the IJ also properly found that Lin's failure to provide evidence corroborating his wife's sterilization undermined his credibility.  See Xiao Ji Chen

4

v. U.S. Dep't of Justice, 471 F.3d 315, 341 (2d Cir. 2006).

Because the record does not compel the conclusion that Lin was credible, Xiu Xia Lin, 534 F.3d at 167, the IJ properly denied his applications for asylum, withholding of removal, and CAT relief. See Paul v. Gonzales, 444 F.3d 148, 156-57 (2d Cir. 2006); Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk